```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
AMERICAS CHOICE VETERANS CONSTRUCTION      :
INC., et al.,                             :
                                          :        24cv6522 (DLC)
                Plaintiffs,               :
             -v-                          :        OPINION AND
                                          :           ORDER
CITY OF NEW YORK, et al.,                 :
                                          :
                Defendants.               :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiffs Americas Choice Veterans Construction Inc.,
Andreas Plaza, and Elizabeth Younes:
Michael Jahnke
GunnerCooke
475 Park Ave S, 23rd Floor
New York, NY 10016

For defendant City of New York:
Jeffrey Scott Dantowitz
New York City Law Department
100 Church Street
New York, NY 10007

For defendant Teachers Federal Credit Union:
Brian S. Gitnik
Litchfield Cavo LLP
420 Lexington Avenue, Suite 2104
New York, NY 10170

For defendants Edward F. Guida, Jr., Albert Perna, and Gregg
Wasserman:
Todd Brian Sherman
Eleni Melekou
Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, NY 10022

DENISE COTE, District Judge:

The plaintiffs allege that default judgments were wrongfully obtained against them in the Civil Court of the City of New York, Small Claims Part ("Small Claims Court"), through use of "sewer service." They have sued two individuals that they allege carried out this sewer-service scheme, as well as a New York City Marshal who allegedly helped execute the default judgments ("Individual Defendants"). In addition, they have sued the bank at which two of the plaintiffs have an account, and the City of New York ("City"). The City moved to dismiss the First Amended Complaint ("FAC") under Rule 12(b)(6), Fed. R. Civ. P. The Individual Defendants moved to dismiss the FAC pursuant to both Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P, as well as to strike certain allegations in the FAC pursuant to Rule 12(f), Fed. R. Civ. P. For the following reasons, the Individual Defendants' motion to dismiss is granted in part, and the City's motion to dismiss is granted. All federal claims having been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## Background

The following facts are drawn from the FAC, documents incorporated into the FAC by reference, and documents of which the court may take judicial notice. Bellin v. Zucker, 6 F.4th

463, 473 (2d Cir. 2021). The FAC's factual allegations are accepted as true for purposes of this motion, and all reasonable inferences are drawn in the plaintiffs' favor.

I. Factual Background

The plaintiffs are Elizbeth Younes, Andreas Plaza, and Americas Choice Veterans Construction, Inc. ("ACVCI"). Younes, a resident of New York, and Plaza, a veteran and resident of Virginia, are the co-founders and co-owners of ACVCI, a "Service-Disabled Veterans Owned Small Business" registered in New York State.

The three Individual Defendants, Greg Wasserman, Albert Perna, and Edward F. Guida, Jr., are all residents of New York. The two remaining defendants are Teachers Federal Credit Union ("TFCU") and the City. TFCU is a financial institution with its headquarters in New York state and its main branch in Hauppauge, New York. Both Younes and ACVCI have accounts at a TFCU branch in Suffolk County, New York. Guida is a New York City Marshal, and the FAC alleges that the City trains and supervises New York City marshals, such as Guida.

A. Events Prior to Small Claims Court Filings

Defendants Perna and Wasserman worked as consultants to ACVCI before the events leading to this litigation. Their consulting relationship ended formally on October 6, 2021, when plaintiffs released them from any further consulting services.

3

Apparently after this release -- the FAC does not make clear when -- Perna and Wasserman established another Service-Disabled Veterans Owned Business, USA Veterans Builders, Inc. ("USAVBI"). Plaintiffs allege that USAVBI operates in the same market as ACVCI -- the market for Service-Disabled Veterans Owned Small Business "contracts in the City and State of New York."

### B.  November 2021 Small Claims Court Filings

In November 2021, a month after the release from their consulting roles, Perna and Wasserman each filed claims for breach of contract in Small Claims Court against Younes, Plaza, and ACVCI ("Perna Action" and "Wasserman Action," respectively). Both sought $10,000 in damages, plus interest.

The FAC alleges, however, that in completing the Statement of Claim forms, Perna and Wasserman used an address for Younes that would not provide the plaintiffs with notice of the two Actions.  The address is associated with a nonprofit community volunteer ambulance organization, Corona Community Ambulance Corps. Inc. ("CCAC").  Perna is CCAC's President and Guida is its Chairman.

The plaintiffs allege that they did not receive timely notice of the Perna or Wasserman Actions and did not appear.  On June 21, 2023, a judge in Small Claims Court entered a default judgment in both the Perna Action and the Wasserman Action against each of Younes, Plaza, and ACVCI.

4

C.   Guida's Enforcement of Small Claims Court Judgments

On August 7, 2023, Guida secured an "Execution Against Income/Property" in both the Perna and Wasserman Actions. Then, on September 19, Guida served the Executions and accompanying Exemption Notices[1] on TFCU at an address in the New York City borough of Queens. The FAC asserts that Guida had a "clear conflict of interest" -- his role as Chairman in CCAC -- and that "he knew" that the default judgments had been obtained without providing the plaintiffs required notice. It also asserts that Guida acted "outside his jurisdiction" by "seeking enforcement against assets" that were held by TFCU in a branch in Suffolk County, i.e., outside New York City.

D.   Seizure and Return of Younes's Funds

Following Guida's service of the Exemption Notices on TFCU, state law required TFCU to serve the notices on the account holder at their last known address. Younes alleges she did not receive TFCU's September 22, 2023 letter, but nonetheless learned that her account had been frozen in "late September 2023" when, attempting to use her debit card, she did not have "access" to her funds. Younes contacted TFCU, which informed

---

[1] The Exemption Notices, which TFCU was required to then deliver to the plaintiffs, alerted Younes and ACVCI to the judgments obtained against them and explained that certain assets may be exempt from judgment. See NY CPLR 5222-a(b).

5

her that it had been "obligated to perform [a] seizure by the Marshal."

On or around September 26, 2023, apparently based on the information Younes received from TFCU, the plaintiffs contacted Guida. It was then that the plaintiffs learned about the Perna and Wasserman Actions, and the June 2023 default judgments.

"Shortly after" this conversation with Guida, Younes sought relief in Small Claims Court, filing an "Order to Show Cause" to vacate the default judgments.[2] The Small Claims Court held a hearing on November 9 and directed that the bank accounts be unfrozen. It was too late, however: Wasserman's default judgment had already been satisfied through the seizure of funds from Younes's account.

A trial occurred in Small Claims Court on two dates in March and April 2024. This resulted in an adjudication of liability against ACVCI only. Accordingly, on April 14, the Small Claims Court vacated the default judgments against Younes and Plaza and ordered that any funds collected pursuant to those judgments be returned. On May 10, the Small Claims Court entered judgment against ACVCI in both the Perna Action (awarding $4,770) and the Wasserman Action (awarding $5,070).

---

[2] Due to "bureaucratic error," Younes and ACVCI sought this relief in only the Perna Action, not in the Wasserman Action. On October 26, Plaza sought and received similar relief in both the Perna and Wasserman Actions.

ACVCI has appealed.  On October 11, the Small Claims Court entered judgment for Younes against Wasserman, and on November 5, counsel for plaintiffs affirmed in a state court filing that Wasserman had satisfied the judgment.

Plaintiffs concede that Wasserman returned to Younes the seized funds with interest, and they do not allege that ACVCI or Plaza had any funds unlawfully seized.  Rather, they assert that Younes suffered harms incidental to the seizure of funds (e.g., being unable to pay her rent).  They further contend that ACVCI and Plaza were harmed because they had to defend themselves in the Small Claims Court Actions and because Perna and Wasserman improperly diverted business away from ACVCI to USAVBI.

The FAC makes three general allegations as to harm suffered by Plaza and ACVCI.  First, the FAC asserts that ACVCI was unable to bid on a $1.56 million contract from the New York State Office of Parks, Recreation and Historic Preservation that USAVBI secured because plaintiffs had to "travel to and attend proceedings in the Small Claims Actions."  Second, plaintiffs allege that the freezing of ACVCI's funds "precluded purchases of necessary supplies, setup of payroll, and other steps needed for ACVCI to maintain viable bids and perform contractual obligations."  Finally, the FAC asserts that Perna and Wasserman "caused" ACVCI to lose its "ability to do business" with one

7

client with which ACVCI had a "longstanding" relationship and "likely" did the same with "other potential customers."

II.  Procedural History

The plaintiffs initiated this action on August 30, 2024. After the City and the Individual Defendants filed motions to dismiss, an Order of December 3, 2024 gave plaintiffs an opportunity to amend their complaint and warned plaintiffs that they would likely not have a further opportunity to amend.

Plaintiffs filed the FAC on December 23, 2024.  It asserts ten causes of action against different sets of defendants. First, against all defendants, the FAC asserts a claim under 42 U.S.C. § 1983 alleging a violation of Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV.  Second, against the Individual Defendants only, it asserts common law claims for abuse of process and tortious interference with business and economic relationships, as well as statutory claims for violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and New York General Business Law §§ 340-47 ("Donnelly Act").  Third, against Guida alone, the FAC asserts common law claims for negligence and trespass ab initio.  Finally, the FAC asserts claims of conversion, fraud, and intentional infliction of emotional distress against TFCU and the Individual Defendants.

TFCU filed an Answer to the FAC on December 27, 2024.  Both the City and the Individual Defendants renewed their motions to

dismiss on January 24, 2025. The motions became fully submitted on March 14, 2025.[3] For the reasons that follow, the Individual Defendants' motion to dismiss is granted in part and the City's motion to dismiss is granted.

## Discussion

I. Federal Question Jurisdiction

The Individual Defendants contend that the Court lacks subject matter jurisdiction. The plaintiffs argue that there is federal question jurisdiction because of the Sherman Act and Due Process Clause claims.

"Federal courts are courts of limited jurisdiction." Bacher for Bacher v. Boehringer Ingelheim Pharms., Inc., 110 F.4th 95, 97 (2d Cir. 2024) (citation omitted). Thus, where a party raises a jurisdictional challenge under Rule 12(b)(1), a court must address that challenge before turning to any merits issue. See Moreira v. Societe Generale, S.A., 125 F.4th 371, 384 (2d Cir. 2025).

---

[3] On March 17, the plaintiffs requested that the Court disregard certain arguments in the Defendants' reply briefs and a declaration attached to the Individual Defendants' reply. The Court has not considered Perna's reply declaration. As to the arguments made in the Defendants' reply briefs themselves, however, these arguments were properly made either in response to arguments made by plaintiffs in their opposition brief, or as extensions of arguments raised in the opening motions to dismiss. See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 226-27 (2d Cir. 2000).

9

Federal district courts have "original jurisdiction" over civil actions "arising under" the laws "of the United States." 28 U.S.C. § 1331. Federal claims that are "not colorable, i.e., immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous, do not give rise to federal-question jurisdiction." Gallego v. Northland Grp. Inc., 814 F.3d 123, 126 (2d Cir. 2016) (citation omitted). A federal claim's failure to "clear even that low bar" should not be confused with the failure "to state a claim for relief on the merits." Id. (citation omitted).

Federal jurisdiction exists here. The plaintiffs' federal claims are not so wholly insubstantial and frivolous that they do not give rise to federal question jurisdiction.

The Individual Defendants contend that subject matter jurisdiction is lacking because Guida acted in compliance with state law or alternatively that he is "entitled to the dismissal of all claims based upon qualified immunity." Both arguments go to the merits of the plaintiffs' claims; neither argument implicates a court's subject matter jurisdiction. See Maye v. City of New Haven, 89 F.4th 403, 407 (2d Cir. 2023) (qualified immunity).

The Individual Defendants next argue that Perna and Wasserman are not state actors. "[T]he sufficiency of a color-of-law allegation" for purposes of § 1983, however, is also not

10

jurisdictional and "is to be tested under Rule 12(b)(6)." Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997).

II. Due Process Claim

The Individual Defendants argue that the FAC fails to state a claim that they violated the plaintiffs' due process rights. The City likewise contends that the plaintiffs' due process claim against it fails because there was no underlying constitutional violation by Guida or any other state actor. Both the Individual Defendants and the City are correct.

The Fourteenth Amendment provides that no state shall "deprive any person" of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. To plead a procedural due process claim, a plaintiff must allege: (1) that the defendant deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process. Baltas v. Maiga, 119 F.4th 255, 263 (2d Cir. 2024). "[I]n evaluating what process satisfies the Due Process Clause, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006) (citation omitted). In the former, the state "is in the position to provide a pre-deprivation hearing." Id. In the latter, however, "the state satisfies procedural due process

11

requirements so long as it provides meaningful post-deprivation remedy." Id.

The plaintiffs appear to contend that they were deprived of property without due process of law when their bank accounts were frozen. They emphasize actions taken by Guida, a New York City Marshal and state actor, who served the Exemption Notices on TFCU even though he knew that default judgments had been "obtained based on blatantly invalid service." This claim based on random, unauthorized acts by a state actor fails to state a due process violation since the state provides meaningful post-deprivation process.[4] Indeed, the plaintiffs used that process to vacate the default judgments obtained against them.

---

[4] Specifically, NY CPLR 5239 provides that "[p]rior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt."  In such a proceeding, "[t]he court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded." Plymouth Venture Partners, II, L.P. v. GTR Source, LLC, 37 N.Y.3d 591, 600 (2021) (citation omitted). Section 5240 in turn lays out a court's power to, "at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." NY CPLR 5240. This provision affords "courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." Plymouth Venture Partners, 37 N.Y.3d at 600.

12

Plaintiffs contend that even if these state court remedies resulted in the lifting of the freeze and the return of Younes's seized funds, they were inadequate because the plaintiffs suffered additional damages. The availability of the state court remedies, however, resolves the claim for a violation the plaintiffs' due process rights. They may not seek damages through a due process claim when there has been no violation of their right to due process. See Hudson v. Palmer, 468 U.S. 517, 535 (1984); Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996). Moreover, because no state actor inflicted "constitutional harm," there can be no municipal liability against the City. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Curley v. Vill. Of Suffern, 268 F.3d 65, 71 (2d Cir. 2001).[5]

III. Sherman Act

Next, the Individual Defendants move to dismiss the plaintiffs' claim for violation of § 1 of the Sherman Act, 15 U.S.C. § 1. The FAC alleges that the Individual Defendants "entered into a contract, combination or conspiracy . . . to effectively shut down ACVCI's ability to compete" in the market

---

[5] Since the plaintiffs have failed to plead a violation of their due process rights, it is unnecessary to reach the City's secondary argument that the FAC fails to plead that action pursuant to an "official municipal policy" caused the alleged constitutional injury. Uviles v. City of New York, 130 F.4th 27, 32 (2d Cir. 2025).

13

for Service-Disabled Veterans Owned Small Business "contracts in the City and State of New York." More specifically, the FAC alleges that the Individual Defendants' sewer-service scheme resulted in a freeze on Younes's and ACVCI's bank accounts, which prevented ACVCI from bidding on contracts and maintaining existing contractual relationships.

Section 1 of the Sherman Act prohibits every contract, combination, or conspiracy "in restraint of trade or commerce among the several States." 15 U.S.C. § 1. To state a claim for a violation of § 1, a plaintiff must plausibly allege "(1) a contract, combination, or conspiracy exists that (2) unreasonably restrains trade." 1-800 Contacts, Inc. v. Fed. Trade Comm'n, 1 F.4th 102, 114 (2d Cir. 2021). Plaintiffs' claim fails both prongs.

Any agreement to conspire must be "between at least two legally distinct economic entities in the form of a conscious commitment to a common scheme designed to achieve an unlawful objective." Anderson News, L.L.C. v. Am. Media, Inc., 899 F.3d 87, 97 (2d Cir. 2018) (citation omitted). A plaintiff can allege that an "agreement to conspire" exists in one of two ways: by direct evidence or by indirect or circumstantial evidence. City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp., 92 F.4th 381, 391 (2d Cir. 2024). "[O]fficers or employees of the same firm do not provide the

14

plurality of actors imperative for a § 1 conspiracy" because "an internal agreement to implement a single, unitary firm's policies does not raise the antitrust dangers that § 1 was designed to police." Copperweld Corp. v. Indep. Tube Corp., 467 U.S. 752, 769 (1984). Agents that act with limited functions at the behest and in the interests of their principals are also not sufficiently distinct economic entities capable of agreeing to conspire within the meaning of §1. See Belfiore v. New York Times Co., 826 F.2d 177, 182 (2d Cir. 1987).

The FAC fails to allege that a contract, combination, or conspiracy exists between at least two legally distinct economic entities. The plaintiffs allege that Perna and Wasserman jointly "established" USAVBI, which competes with ACVCI in a market of small businesses owned by disabled veterans who compete for government contracts in New York State. As officers of the same firm, Perna and Wasserman cannot provide the plurality of actors necessary for a § 1 conspiracy. See Copperweld Corp., 467 U.S. at 769. Adding Guida to this alleged conspiracy does not cure this defect. The allegations connecting Guida to the alleged conspiracy are his association with Perna through CCAC and his serving court documents on the plaintiffs' bank when he knew that the default judgments against the plaintiffs had been obtained through improper means. There is no allegation that Guida has any role in the alleged "market"

15

or that he did anything other than act as Perna and Wasserman's agent. Accordingly, he lacked capacity to conspire within the meaning of § 1 with his principals. See Belfiore, 826 F.2d at 182.

The plaintiffs' claim also fails for an independent reason. The antitrust laws are designed to protect competition, not competitors. Brown Shoe Co. v. United States, 370 U.S. 294, 320 (1962). The FAC does not allege that the Individual Defendants' actions unreasonably restrained trade. See Anderson News, L.L.C., 899 F.3d at 97. Assuming that the FAC has pleaded a relevant market, the FAC fails to plausibly plead that the Individual Defendants' actions "had an actual adverse effect on competition as a whole in the relevant market." 1-800 Contacts, Inc., 1 F.4th at 114 (citation omitted).

IV. Supplemental Jurisdiction

The Individual Defendants next press that, with all federal claims dismissed, and complete diversity lacking, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. A district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 8 U.S.C. § 1367(c)(3). Once a court has dismissed all federal claims, it must decide whether the traditional values of "economy, convenience, fairness, and

16

comity" counsel against the exercise of supplemental jurisdiction.  Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (citation omitted).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (citation omitted).  Thus, "[i]t is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 325 (2d Cir. 2021) (citation omitted).

There is no reason to depart from the ordinary practice of dismissing the remaining state law claims.  The federal claims have been dismissed and discovery has not begun.  The plaintiffs do not advance any argument why this Court should exercise supplemental jurisdiction.  Both judicial economy and comity favor dismissal.

## Conclusion

The Individual Defendants' January 24, 2025 motion to dismiss is granted in part.  The City's January 24, 2025 motion to dismiss is granted.  All federal claims having been

17

dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. This action is dismissed without prejudice to filing the state law claims in state court. The Clerk of Court shall close the case.

Dated:   New York, New York
         May 1, 2025

                                   _____
                                          DENISE COTE
                                   United States District Judge